SOUTHERN RAILWAY COMPANY *v.* CUMBERLAND TELE-
PHONE & TELEGRAPH COMPANY.

*(Jackson.* April Term, 1913.)

TELEPHONES. Subscriber for business telephone is not liable
for long distance calls by another, without his consent to be
charged therefor.

When a long distance call is made on a business telephone, the
operator should require the name of the person calling; and,
if that name be different from the name of the subscriber, the
latter should be conferred with, and his consent to be charged
therefor must be obtained before such charge can be validly
entered against him. Therefore, an employee of a railroad com-
pany, who did not have a telephone in his own name, cannot
render the company liable for his personal long distance calls
on the telephone in the name of an officer of the railroad com-
pany.

FROM SHELBY.

'Appeal from the Circuit Court of Shelby County to
the Court of Civil Appeals, and by writ of *certiorari*
from the Court of Civil Appeals to the Supreme Court.

CARUTHERS EWING and EARL KING, for Railroad.

WRIGHT, MILES, WARING & WALKER and W. H. BORSJE,
for Telephone & Telegraph Co.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This action was brought on an account of $50.10 claimed by the telephone company against the railway company for services alleged to have been performed for the latter. The case was tried before the circuit court of Shelby county without the intervention of a jury, and resulted in a judgment in favor of the telephone company. On appeal to the court of civil appeals that court reversed the trial judge, and the case is here before us on petition for the writ of *certiorari* to review and reverse the judgment of the latter court.

The facts disclosed by the record are in substance that the telephone company had placed a telephone in one of the offices of the railway company in the name of Mr. A. R. Davant, the manager of one of the departments of the latter. In a room adjoining Mr. Davant's office was located the chief clerk, Mr. Pointer. The latter made a bill for long-distance calls on his own private business. The telephone company made out the bill against the railway company, including it with items for services actually performed for the latter. The railway company required the items to be separated, and refused to pay for Mr. Pointer's long-distance calls. Another bill was presented in the following month, including additional calls, with the same result, and still another, with still additional calls, in the month following; each being made out against the railway company, and subsequently separated as above indicated. The rail-

way company paid all of the bill, except that part made by Mr. Pointer. Soon after the bill had run up to the amount now sued for, Mr. Pointer left the service of the railway company, and a few months thereafter the present suit was brought. The evidence is without contradiction that, while Mr. Pointer had authority to use the telephone for local calls, he had no authority to use it for long-distance calls. No rule of the telephone company is introduced in evidence; nor is there evidence of any express contract.

It is insisted in behalf of the telephone company that, inasmuch as Mr. Pointer was in the office, it could not know whether he was acting for himself or his employer, and that it had a right to assume, when the long-distance calls were made by him, that he was acting under proper authority. On the other hand, it is insisted by the railway company that inasmuch as the telephone was in the name of Mr. Davant, its department manager, the telephone company could at any time have ascertained the extent of Mr. Pointer's authority by inquiring of Mr. Davant, and that, failing to make this inquiry, it took the risk. Moreover, it is said that the telephone company had ample notice, by reason of the refusal of the railway company to pay the bill on at least three occasions, as its items were in course of accumulation. To this it is replied that the bill was presented to Mr. Pointer each time, and that he O. K.'d it, signing Mr. Davant's name, and that the telephone company had a right to assume that it would be settled in some reason-

able time, although the separation was required as above stated, and that in fact Mr. Pointer led the telephone company to believe that it would be settled, as its agents inferred, by the railway company.

When a long-distance call is made on a business telephone, the operator should require the name of the person calling, and, if it be one different from the subscriber, the latter should be conferred with and should consent to a charge against him before such charge is entered. Any assumed rule of law permitting a charge to be entered against the subscriber for services rendered to third persons on the ground merely that such persons were permitted to use the telephone for the purpose of calling central, would be, as we deem it, gravely unjust. Such permission to use the telephone is only a permission to use the means of coming in contact with the telephone company, in order that a contract may be made between the two touching the particular services desired. An opposite rule would imply a liability as a necessary result of permitting a third person to use the telephone merely for the purpose of calling "central," or "long-distance"—a conclusion manifestly inadmissible. In what has been said, of course, we are not to be understood as referring in any way to long-distance calls made by members of a family on a family telephone.

We deem it unnecessary to pass upon the question of estoppel suggested above in stating the contentions of the parties, as we are of the opinion that the ground

on which we have rested the decision is sufficient for a sound disposition of the rights of the parties.

It results therefore that, inasmuch as the court of civil appeals reached the correct decision, the writ of *certiorari* must be denied.